IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GREGORY ALLEN BATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14-cv-00019 |
| W.B. MELTON (SHERIFF) et al., | ) ) Judge Sharp |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Gregory Allen Bates, a prisoner in state custody at the Overton County Justice Center in Livingston, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). The Court has granted the plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to perform an initial review of the complaint and to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Based on these standards, the Court will permit the plaintiff's claim of deliberate indifference to his serious medical needs to proceed against one defendant, Debbie Deck, but will dismiss all claims against the remaining defendants.

**I.    Standard of Review**

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**II.     Factual Allegations**

In this action, the plaintiff names as defendants Overton County Sheriff W.B. Melton, Jail Administrator Shannon Harvey, Nurse Debbie Deck, and Shift Sergeant Rodney Phillips. He asserts three separate claims (denominated as "complaints"), as follows:

(1) In his first "complaint," the plaintiff alleges very generally that the "administrative staff" of the Overton County Justice Center ("OCJC") are negligent in their treatment of the inmates at the OCJC. Sheriff Melton and Administrator Harvey "let[] their staff just do what ever they please. . . . Our cares and needs are not being met which puts me [the plaintiff] in emotional stress, harm and anxi[e]ty, and fear." (ECF No. 1, at 9.) The plaintiff alleges that he personally has been "neglected in several ways physically, emotionally, fear based." (*Id.*)

The plaintiff provides only a few specific examples of the purported neglect. One example is that the inmates at the OCJC went for "almost a month without visits" from family members because the jail changed the locks in the "max unit and it blew out the main control pannel [sic] in the control tower." (*Id.* at 10.) As a result, corrections officers had to use actual keys to open cell doors, and inmates were told that it was a security risk to have visits from family members during this time frame.

The plaintiff also claims that the intercom system in the cells does not work, so the inmates have no way of contacting jail officials in the event of an emergency. The plaintiff does not allege that he or any other inmate has actually been harmed as a result of the jail's failure to ensure each cell has a functional intercom.

Third, the plaintiff alleges that Shift Sgt. Rodney Phillips harmed two inmates "in the same day" as a result of his negligence and the fact that he was improperly trained and supervised. (*Id.* at 11.) The plaintiff does not allege that he was physically harmed by Sgt. Phillips' actions.

(2) In his second "complaint," the plaintiff alleges that he and the other inmates at OCJC are being "demoralized as a human" as a result of Sheriff Melton's decision to require all inmates to wear pink uniforms. (*Id.* at 13.) The plaintiff alleges that the inmates at OCJC have become the "laughing stock" of

the community because of the pink uniforms and that he has suffered stress, anxiety, and fear as a result. (*Id.*)

(3) Last, the plaintiff complains that the OCJC is charging him $5.00 per month for medication that is sent to the jail by his doctor and should not cost anything. The plaintiff also complains about being charged for toilet paper and "indigent packs (shampoo, comb, deod., pencil and 1 piece paper and a envelope) ($3.00)." (*Id.* at 16.) He also claims that defendant Debbie Deck is unqualified in that she did not properly test the plaintiff for TB when he was first admitted at the jail and that she has "caused [him] extreme harm" by refusing to allow him to have medications prescribed by his doctor, including an inhaler and "IB" for migraines and shoulder pain. (*Id.* at 18.) The plaintiff also alleges that he has requested to see the "Mental Health people" at the OCJC but so far has been refused. The plaintiff claims this has been very stressful and that he has had difficulty sleeping, and that he has been diagnosed as manic-depressive in the past and believes he needs medication for his mental health condition. (*Id.* at 19.)

### III.     Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the plaintiff fails to state a claim for which relief may be granted in his first and second "complaints" against Sheriff Melton, Administrator Harvey, and Shift Sergeant Phillips. Going for a less than a month without visitation from family members because of security considerations at the jail does not give rise to a claim of constitutional dimension. *See Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (noting that the permanent or lengthy withdrawal of visitation privileges, or an arbitrary denial of visitation, might constitute a violation of the Eighth Amendment); *Kanitz v. Cooke*, Nos. 03-cv-10180, 03-cv-10322, 2008 WL 2218259, at *5 (E.D. Mich. Mar. 5, 2008) ("Plaintiffs have no constitutional liberty

interest in visitation."). The plaintiff does not allege that he or any other inmate has suffered actual harm or even that he is imminently threatened with actual harm as a result of the absence of functional intercoms in the cells. He therefore fails to state a claim based on the absence of intercoms. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Horn by Parks v. Madison Cnty. Fisc. Court*, 22 F.3d 653, 659 (6th Cir. 1994) ("[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury."). For the same reason, the plaintiff cannot state a claim under § 1983 based on the humiliation he has allegedly endured as a result of being required to wear a pink uniform. *See Jones v. Daviess Cnty. Detention Ctr.*, 4:12CV-P15-M, 2012 WL 414265, at *1 (W.D. Ky. Feb. 8, 2012) (noting that the Sixth Circuit has "repeatedly dismissed claims for purely emotional injury, humiliation, or affronts to dignity as lacking the requisite physical injury" required by 42 U.S.C. § 1997e(e)). Likewise, the plaintiff does not allege that he suffered physical injury as result of Sgt. Phillips' actions and therefore cannot state a § 1983 claim against Sgt. Phillips. Moreover, the plaintiff does not have standing to complain about Sgt. Phillips' treatment of other inmates. *See Jones v. Caruso*, 569 F.3d 258, 276–77 (6th Cir. 2009) (an inmate does not have standing to raise arguments on behalf of others).

With respect to the plaintiff's third "complaint," generally speaking, to state a valid claim based on the conditions of confinement, a plaintiff must show an "extreme" deprivation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citations omitted). Here, the plaintiff complains that the jail charged him, an indigent inmate, $3.00 for a kit containing necessary personal-hygiene items, but he does not allege either that he lacked the funds to pay for the kit or, alternatively, that he was ever deprived of necessary items of personal hygiene because of inability to pay. The Court therefore finds that the plaintiff fails to allege an "extreme deprivation" and therefore fails state an Eighth-Amendment claim based on being charged $3.00 for "indigent packs."

Likewise, while the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that jails provide the medical care free of cost. *See Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3rd Cir. 1997) (deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation). It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated.

In this case, it is unclear whether the plaintiff was actually deprived of necessary medication because of inability to pay or is simply complaining about being charged for it. Regardless, the plaintiff also appears to be asserting that Nurse Deck refused to provide him necessary medication that had been prescribed by an outside doctor and refused his request to see a mental-health practitioner. The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to their "serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (internal quotation marks and citation omitted). Such a claim has both a subjective and objective component. *Id.* The objective component mandates a sufficiently serious medical need. *Id.* The subjective component is concerned with prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

Construing the complaint very liberally, the Court finds for purposes of the initial review that the plaintiff has alleged sufficiently serious medical needs (migraine headaches, difficulty sleeping, shoulder pain, a need for an inhaler, and mental health issues), giving rise to a permissible inference that Nurse Deck was aware of and was deliberately indifferent to these serious medical needs. Although the

complaint fails to state a claim as to any of the other named defendants, the Court will, for purposes of the initial review, permit the claims against Debbie Deck to proceed.

**V.    CONCLUSION**

For the reasons set forth herein, the claims set forth in the "1st Complaint" and "2nd Complaint" against Sheriff W.B. Melton, Jail Administrator Shannon Harvey, and Shift Sergeant Rodney Phillips will be dismissed for failure to state a claim for which relief may be granted under 42 U.S.C. § 1983. The claims in the "3rd Complaint" against Nurse Debbie Deck related to the purportedly deliberate indifference to the plaintiff's allegedly serious medical needs will, for purposes of the initial review, be permitted to proceed.

An appropriate order is filed herewith.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge